IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERRY CARL SCOTT, #492190,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0488-K |
| | ) | ECF |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Eastham Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Lovelady, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process pending preliminary screening. On March 21, 2006, the Court submitted a questionnaire to Petitioner, who filed his answers on April 13, 2006.

Statement of the Case: In 1988 Petitioner was convicted for the offense of possession of a controlled substance in the First Criminal Court of Dallas County, Texas, Cause No. F87-

94585-IRH. Punishment was assessed at twenty years imprisonment. (Answer to Question 1).[1]

On May 15, 1992, Petitioner was released on parole. (Answer to Question 4). His parole was subsequently revoked on June 9, 2004. (Petition (Pet.) at ¶ 13). On June 17, 2004, Petitioner pled guilty to possession of a controlled substance in the 282nd District Court of Dallas County, Texas, in Cause No. F03-52500-S, and was sentenced to 180 days in the Dallas County Jail. (Answer to Questions 2 and 3).

Petitioner subsequently filed two state habeas applications pursuant to art. 11.07, Texas Code of Criminal Procedure. On August 17, 2005, he filed an art. 11.07 challenging his conviction in No. F03-52500 on the basis of ineffective assistance of counsel. (Pet. at 3-4 and Answer to Question 3). On November 1, 2005, he filed an art. 11.07 application challenging his parole revocation in No. F87-94585-IRH, which was assigned Cause No. W87-94585-H(C). (Answer to Question 6).[2]

On January 11, 2006, the Texas Court of Criminal Appeals dismissed the first application (the one challenging the conviction in No. F03-52500) because Petitioner's sentence was fully discharged. See Ex parte Scott, No. WR-19-820-05. The second application remains pending in Dallas County District Court.[3]

---

[1] Petitioner was also convicted in Cause No. F87-84291-MH and sentenced to seventeen years imprisonment. (Answer to Question 1). Petitioner concedes that he is presently confined in TDCJ-CID because of his sentences in Cause Nos. F87-94585 and F87-84291. (Id.).

[2] The office of the Magistrate Judge called the Dallas County District Clerk to verify the date of filing of the state habeas application in No. W87-94585-H(C).

[3] According to the Clerk an order designating issues was filed in the second art. 11.07 application on November 14, 2005, and the matter is presently pending. Concerned about the lack of action, Petitioner recently filed a motion for leave to file petition for writ of mandamus, seeking to compel a ruling on the second art. 11.07 application. See In re Scott, WR19,820-06. On March 27, 2006, upon receiving the additional information requested from

In his federal petition, filed on March 17, 2006, Petitioner challenges his conviction in No. F03-52500 on the basis of ineffective assistance, as well as his parole revocation in No. F87-94585.[4]

Findings and Conclusions:  The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings.  That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits and the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Court addresses first Petitioner's challenge to his conviction in No. F03-52500, and second his challenge to the parole revocation in No. F87-94585.

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his 180-day sentence in No. F03-52500.  In answer to the questionnaire, Petitioner confirms that he is presently confined on the basis of his convictions in Nos. F87-9585-IRH and F87-84291-MH.  (Answer to Question 1).  It, thus, appears that his sentence in No. F03-5200 was fully served long ago.  As a result he

---

Dallas County, the Texas Court of Criminal Appeals submitted the motion for leave to file for ruling.  Id.  As of the filing of this recommendation, a ruling had not been issued.

[4] When a petition seeks relief from judgments of more than one state court, as in this case, "a separate petition covering the judgment or judgments of each court" must be filed. See Rule 2 of the Rules Governing Section 2254 cases.  Since the petition is subject to summary dismissal as set out more fully below, the Court does not require Petitioner to resubmit his petition in compliance with Rule 2.

cannot bring a federal habeas action based solely on his conviction in No. F03-5200.  See Maleng v. Cook, 490 U.S. 488, 493 (1989).

In Maleng, 490 U.S. at 493-94, and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a § 2254 petition could be construed as asserting a challenge on a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence.

The claim raised in the petition with respect to No. F03-52500 -- the alleged ineffective assistance of counsel during the guilty plea proceeding -- does not allege facts sufficient to raise an "in custody" issue under Maleng and Lackawanna.  Accordingly, Petitioner's challenge to his conviction in No. F03-52500 should be dismissed for want of jurisdiction because he can not satisfy the "in custody" requirement.

Petitioner's parole revocation challenge in No. F87-94585 is also subject to summary dismissal.  A state prisoner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims.  28 U.S.C. § 2254(b) and (c).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982).  In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review.  Shute v. State of Texas, 117 F.3d 233, 237 (5th Cir. 1997); Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985).

A review of the petition and the answers to the questionnaire reflects that Petitioner has not satisfied the exhaustion requirement.  His art. 11.07 application challenging his parole

revocation in No. F87-94585 is presently pending before the Dallas County District Court. Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state habeas corpus remedies.[5]  See Rose v. Lundy, *supra*.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the claim challenging Petitioner's conviction in No. F03-52500 be dismissed for want of jurisdiction, and that the claim challenging Petitioner's parole revocation in No. F87-94585-IRH be dismissed without prejudice for failure to exhaust state court remedies.

A copy of this recommendation will be mailed to Petitioner.

Signed this 18th day of April, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[5] The Court cautions Petitioner that the recent amendment to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.